**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10034 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00252-JAT |
| v. | |
| RAMON AGUSTIN SALAS-CONTRERAS, a.k.a. Agustin Salas Contreras, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Ramon Agustin Salas-Contreras appeals from the 18-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The record reflects the district court did not procedurally err, and the sentence imposed is substantively reasonable under the totality of the circumstances. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

The district court did not abuse its discretion in revoking supervised release based on a single Grade C violation. Under the plain language of the statute and the relevant sentencing guidelines, the court had authority to revoke on that basis. *See* 18 U.S.C. § 3583(e)(3) (allowing district court to revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute if it finds that the defendant violated a condition of supervised release); U.S.S.G. § 7B1.3(a)(2)(A) (Policy Statement) (stating that the court may revoke supervised release upon finding a Grade C violation). Furthermore, under the circumstances, the district court did not abuse its discretion in imposing a sentence above the Sentencing Commission's recommended sentencing range of 7 to 13 months. *See United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007) (where defendant violates supervised release by committing a similar offense to that for which he was placed on supervised release, "greater sanctions may be required to deter future criminal activity").

**AFFIRMED**.

10-10034